THE BURLINGTON AND MISSOURI RIVER RAILROAD COMPANY IN NEBRASKA, PLAINTIFF IN ERROR, V. BUFFALO COUNTY, DEFENDANT IN ERROR.

Payment of Taxes under Protest: ACTION TO RECOVER BACK: DEMAND. Under the provisions of section 144 of the revenue act, when an alleged illegal tax is paid under protest to a county treasurer, the said treasurer receives it as the agent of the state school district, etc., for the benefit or under the authority or by the request of which the same was levied, as well as of the county, and in order to lay a foundation for legal proceedings to recover such illegal taxes paid under protest, demand thereof must be made of state treasurer, school district treasurer, etc., within the time limited by statute.

ERROR to the district court for Buffalo county. Tried below before GASLIN, J.

*Marquett & Deweese*, for plaintiff in error.

*Sam L. Savidge*, for defendant in error.

COBB, J.

This action was originally commenced in the county court of Buffalo county, and taken by appeal to the district court, where a judgment was rendered for the defendant on a demurrer by the plaintiff to defendant's answer. Plaintiff brings the cause to this court on error.

The following is the substance of the petition: Certain property of the plaintiff's, situated in Buffalo county, was doubly assessed for the purpose of taxation for the year 1879; that is to say, was once duly assessed by the state board of equalization, and included in the value per mile of the plaintiff's property, which was afterwards duly certified by the auditor of state to the county clerk of said county, and was by him entered on the assessment rolls. That notwithstanding the above facts, the said property,

consisting of one section house, one-half of depot, one water tank and wind mill, was, by the assessor of Kearney precinct, in said county, entered and valued upon his assessment roll for the same year's taxes, and returned the same to county clerk. That such proceedings were afterwards had by the commissioners and clerk of said county that both the valuations per mile so as aforesaid returned by said auditor, as well as the valuation of the said property last above described as returned by said assessor of Kearney precinct, were entered upon the tax list of said county, and that in pursuance of the levies made by said board of commissioners a tax was extended on both valuations, and that the tax extended upon the valuation as aforesaid wrongfully made by said assessor of Kearney precinct, amounted to the sum of one hundred and thirty-eight and fourteen-one-hundredths dollars, that sum being in addition to the amount levied upon said property as aforesaid returned by the auditor of state. That heretofore, and on the tenth day of May, 1880, the plaintiff paid the tax levied upon the assessment so as aforesaid certified by the auditor of state to the county clerk of said county, and on the same day paid under protest the said sum of one hundred and thirty-eight and fourteen-one-hundredths dollars so as aforesaid wrongfully levied upon the wrongful assessment of the said assessor of Kearney precinct aforesaid. That afterwards, and on the same day, and within thirty days after such payment, the plaintiff demanded the repayment of said sum of $138.14, so as aforesaid paid upon said wrongful assessment, from the treasurer of Buffalo county, in writing. That more than ninety days have elapsed since said demand was made, but that said sum has not been refunded nor any part thereof except the sum of ninety-two dollars, etc. With demand of judgment for $46.14.

The following is the substance of the defendant's answer:

1. The assessor of Kearney precinct in said Buffalo

county for the year 1879, for the purpose of taxation, returned one section house, one-half of depot in the city of Kearney, and one water-tank, windmill, etc., the property of the plaintiff, situate in said precinct, and upon such assessment amounting to the sum of $2,875, taxes were levied for the year 1879 as follows:

State ......................................................$ 17.39
County ..................................................... 57.50
Kearney precinct special ............................... 34.50
School district No. 7 of Buffalo county.............. 28.75

Amounting in all to the sum of...................$138.14

2. The said plaintiff paid the taxes levied upon the assessment as aforesaid under protest, of which the

state received ........................................... $17.39
The county received..................................... 57.50
Kearney precinct received ............................. 34.50

And soon thereafter plaintiff presented a claim for the entire amount of said tax to the Board of County Commissioners of said county for payment, and on the 5th day of October, 1880, the said Board allowed the sum of $92 on said bill or claim, being the amount levied for and received by the county and precinct aforesaid, and the said Board rejected the balance of said claim. From the action of said Board there has been no appeal, and said order of the Board now remains in full force and effect, in no wise annulled or set aside. The plaintiff received the sum of $92 allowed as aforesaid.

3. The plaintiff has not at any time demanded in writing of the treasurer of the state of Nebraska or the treasurer of school district No. 7 of Buffalo county, the respective amounts received by them of said tax for the benefit and by the authority of whom the several amounts were levied and collected, etc.

The following are the provisions of law applicable to the case:

"SEC. 144  *  *  *  but in every case the person or persons claiming any tax, or any part thereof, to be for any reason invalid, who shall pay the same to the tax collector or other proper authority, in all respects as though the same was legal and valid, such person may, at any time within thirty days after such payment, demand the same in writing from the treasurer of the state, or of the county, city, village, township, district, or other subdivision, for the benefit, or under the authority, or by the request of which the same was levied, and if the same shall not be refunded within ninety days thereafter may sue such county, city, village, township, district or other subdivision for the amount so demanded, and if upon the trial it shall be determined that such tax, or any part thereof, was levied or assessed for an illegal or unauthorized purpose, or was for any reason invalid, judgment shall be rendered therefor, with interest, and the same shall be collected as in other cases."

It can scarcely be doubted that within the intent and meaning of the language of this section the state taxes were levied for the benefit and under the authority, if not at the request, of the state, or that the school district taxes were levied for the benefit and at the request, if not by the authority, of the school district. It therefore seems to be quite clear that in order to lay a foundation for legal proceedings to collect back the state and school district taxes, the plaintiff must have demanded the same from the state and school district treasurers within the time limited by the statute. By no other construction can effect be given the language of the law. It will not do to construe the language of the section to mean that state and school district taxes could be paid under protest and reclaimed from the county after the same has passed out of the hands of the county treasurer and into the state and school district funds; to do so would be to reject nearly all of the complex language of the section and thus violate the well known rules for construing statutes.

O. & N. N. R. R. Co. v. Redick.

Had the legislature provided for settling the validity of the entire assessment by one suit, it would have been more in accordance with the general policy of the law which seeks to discourage a multiplicity of suits and the accumulation of costs; but it has not, and it is the duty of the courts to administer the law as it is.

The judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.