CITY NATIONAL BANK OF LINCOLN, APPELLANT, V. SCHOOL DISTRICT OF THE CITY OF LINCOLN, APPELLEE.

FILED MAY 15, 1931. No. 27727.

*Perry, Van Pelt & Marti,* for appellant.

*R. O. Williams, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

This is an action to recover taxes paid by the bank for the years 1925 and 1926, which subsequent to the payment thereof were declared and determined to be unconstitutional and void. The trial court held that the demand made for a refund of taxes was insufficient and dismissed the case. This action was brought under section 77-1923, Comp. St. 1929. That section provides that, as a condition precedent to bringing suit to recover an invalid tax, it is necessary that a demand in writing be made upon the treasurer of the district.

For convenience, the legislature has by statute made the county treasurer *ex officio* collector of taxes for the school districts within the county. Comp. St. 1929, sec. 77-1901. He shall report and pay all of the amount of said taxes

upon demand. If he fails to report and pay within 5 days after demand by the proper authority of the district, he may be sued on his bond. To collect and pay over within 5 days to the district is his only duty. Comp. St. 1929, secs. 77-1944, 77-1945. There was an attempt made in this case to give the notice required by section 77-1923, Comp. St. 1929, by notifying the county treasurer. Such notice is not the notice to the treasurer of the district as contemplated by the statute. *Burlington & M. R. R. Co. v. Buffalo County*, 14 Neb. 51; *Darr v. Dawson County*, 93 Neb. 93.

It is argued that at common law an unlawful tax could be recovered unless it was voluntarily paid. The evidence in this case is that the taxes in question were voluntarily paid. At the close of plaintiff's testimony, defendant moved for a judgment and dismissal for that the evidence was not sufficient to sustain the cause of action. The appellant contends that this motion amounts to a demurrer, and since it alleged in its petition that these payments were made under compulsion, the demurrer admits this allegation. If this motion were considered as a demurrer, it was a demurrer to the evidence and not to the pleadings. In any event, a demurrer to the pleadings admits only facts and not conclusions of law. Consequently, plaintiff is not entitled to recover under the common-law rule.

Having reached this conclusion, a discussion of other assignments of error is not essential to a decision. The judgment of the district court is

AFFIRMED.